MR. JUSTICE GULBRANDSON,
dissenting:
In my view, the majority has ignored the statutory requirement of determining the average gross earnings, and, by reversing the Workers’ Compensation Court, seemingly has adopted an “earning capacity” test.
It is obvious that in the Montana logging industry, it is not unusual for a truck driver to be paid a percentage of the gross income produced by the vehicle involved. Here, the employer operated a fleet of five trucks, with five drivers. Each driver operated the same truck when logs were available to be hauled to the various mills. Trucks were not rotated among the various drivers, and each driver was responsible for the general cleanliness of the truck assigned to him. Each driver knew that his income was dependent upon the number and length of the hauls delivered to the mill. During the “spring breakup,” it is customary for the Montana Highway Department and the U.S. Forest Service to impose weight restrictions on the use of roads. The restrictions may be total for a period of months, or truck traffic may be allowed during the morning hours until the roads start to thaw out. In the latter event, a trucker may *213 get in one haul, whereas he would ordinarily be able to complete two or possibly three hauls. Each driver knows that the road restrictions are imposed every year and the drivers for James A. Slack, Inc. knew that no work would be available for them during the restricted period. The drivers were allowed to seek employment elsewhere or to apply for unemployment compensation. In fact, the record discloses that the decedent Sandahl did drive truck for another employer, for wages, for a portion of the time used in the computations here. Here, each driver' knew that he would have no income during a period of equipment shutdown. In extremely cold weather, logging equipment and machinery (owned and operated by other than the employer here) may not be operable, in which event there would be no logs available for hauling.
Here the insurer originally used the entire work history of the decedent with the James A. Slack Company in computing benefits in the amount of $200.36 weekly. The Workers’ Compensation Judge determined the proper period, to account for seasonal fluctuations, was the preceding four pay periods totaling eight weeks and four days, with a deduction of one week for hunting season, resulting in a weekly benefit of $211.77.
In my opinion, the Workers’ Compensation Judge correctly concluded as follows:
“In the vast majority of cases, this mathematical calculation is based on the four pay periods preceding the injury as reported in the Claim for Compensation and the Employers First Report and there is no dispute.
“In Mahlum v. Broeder, 147 Mont. 386, 412 P.2d 572 (1966), the Supreme Court set the standard for defining wages when it was stated:
“ ‘. . . What is a reasonable period of time, of course, depends on the circumstances of each case. The period must be sufficiently long to take into account seasonal fluctuations for hours, wage rates, vacations, and any other factors which may materially affect the average daily wage.”
“This was reaffirmed in Walter v. National Automobile and Casualty Co., [181] Mont. [109], 592 P.2d 497 (1979) which interpreted 93-423 R.C.M., 1947, the predecessor to Section 39-71-116(20), MCA, supra.
“The Court attempted to balance the legislature’s directive which states that the Act must be liberally construed in favor of the claimant, Section 39-71-104, MCA, and the directives which impose vari *214 ous limits on benefits, Section 39-71-721, MCA, Section 39-71-116(20), MCA. The Supreme Court set the standard requiring ... a reasonable period of time, which must be sufficiently long, to take into account seasonal fluctuations and any other factors which may materially affect the average daily wage. It did not state that the time periods affected should be thrown out of the calculation altogether, but rather [that] an averaging of time was the appropriate method. Accordingly, disputes over rates will vary from case to case. This allows the needed flexibility to deal with different circumstances.” (Emphasis in original.)
I would affirm the order of the Workers’ Compensation Judge.